UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BOARD OF TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>D'ALESSIO CONTRACTING, INC., a Nevada corporation, et al.,<br><br>Defendants. | Case No. 2:14-cv-01409-MMD-GWF<br><br>ORDER |

This action arises out of Defendants' alleged failure to contribute monthly fringe benefits pursuant to § 502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1). (Dkt. no. 1.)  Before the Court is Plaintiffs The Board Of Trustees Of The Construction Industry And Laborers Health And Welfare Trust, The Board of Trustees of the Construction Industry and Laborers Joint Pension Trust, the Board of Trustees of the Construction Industry and Laborers Vacation Trust, and The Board of Trustees of Southern Nevada Laborers Local 872 Training Trust's (collectively, "Plaintiffs" or "Trust Funds") Motion for Default Judgment ("Motion") against Defendant D'Alessio Contracting, Inc. ("Defendant"). [1]  (Dkt. no. 13.)  For the reasons discussed herein, the Motion is granted.

---

[1] Plaintiffs dismissed two individual defendants after they filed bankruptcy. (Dkt. no. 12.)

The Complaint alleges that there was a collective bargaining agreement ("CBA") between the Laborers International Union of North America, Local 872 and Defendant which incorporates the Trust Agreements creating the Trust Funds. (Dkt. no. 1 at 3.) The CBA required Defendant to contribute monthly fringe benefits to the Trust Funds for each hour worked by or paid to Defendant's employees who are covered under the CBA and to submit to certain required reports and auditing. (*Id.* at 4.) Plaintiffs allege that Defendant failed to make the required contributions and complied with the reporting and auditing requirements. (*Id.* at 4-6.) The Complaint asserts two claims for breach of contract against Defendant. (*Id.*)

The Court finds that default judgment is proper. Plaintiffs have satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b). The Clerk properly entered a default against Defendant pursuant to Fed. R. Civ. P. 55(a) because Defendant has failed to appear after having been properly served. (Dkt. no. 11.) Plaintiffs have also satisfied the factors for obtaining default judgment articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). Plaintiff is entitled to the unpaid contributions, liquidated damages, interests, fees and costs identified in the Motion, as follows:

| | |
|---|---:|
| Unpaid contributions shown in audit results | $ 644.40 |
| Liquidated Damages related to audit results | $ 127.98 |
| Liquidated Damages owed for March and April, 2014 Reports | $ 1,027.98 |
| Interest on audit results | $ 119.53 |
| Interest owed for March and April, 2014 Reports | $ 232.16 |
| Administrative Fees | $ 500.00 |
| Attorney's fees | $ 7,974.00 |
| Costs | $ 384.27 |
| *Total* | $ 11,009.34 |

It is therefore ordered that Plaintiffs' Motion for Default Judgment (dkt. no. 13) is granted. The Clerk is instructed to enter judgment in favo0rof Plaintiffs and against Defendant in the amount of $11,009.34.  The Clerk is further directed to close this case.

DATED THIS 30th day of December 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE